IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY V. SNEAD           :
                         :
    v.                   :   Civil Action No. DKC 11-0503
                         :
BOARD OF EDUCATION OF PRINCE :
GEORGE'S COUNTY, et al.  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment dispute is a motion to dismiss filed by Defendant Prince George's County Educators' Association (ECF No. 7) and a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Board of Education of Prince George's County (ECF No. 16).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, both motions will be granted.

**I. Background**

Plaintiff Nancy Snead was employed by Defendant Board of Education of Prince George's County ("the Board") in various capacities from November 1999 until March 2005, when "the Board refused to allow [her] to return to work from [a] work related

---

[1] The complaint incorrectly identifies Defendants as "Prince Georges' County Educator's Association" and "Prince Georges' County Board of Education." The docket will be corrected to reflect their proper names.

injury with medical restrictions" and she was "forced" to retire. (ECF No. 1, at 2).² At all times during her employment, Plaintiff was a member of Defendant Prince George's County Educators' Association ("the Union"), which represented the interests of Board employees under a collective bargaining agreement with the Board. During her employment, Plaintiff "complained to the Union about her pay and leave issues" on numerous occasions, but the Union allegedly failed to "pursue[]" any "grievances" on her behalf. (*Id*. at 6).

On November 8, 2006, Plaintiff filed a complaint, by counsel, alleging that the Union breached its duty of fair representation in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.*, and that the Board failed to pay all of her wages in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab & Empl. § 3-507.1. *See Snead v. Prince George's County Board of Education, et al.*, Civ. No. AMD-06-2941 (D.Md.). On March 12, 2007, Judge Davis issued an order directing Plaintiff to show cause why her complaint should not be dismissed without prejudice due to her failure to serve Defendants within 120

---

² Because the pages of Plaintiff's initial complaint and a later-filed supplement are not numbered, references to these documents are according to the court's electronic case filing system.

2

days. In response, Plaintiff filed a notice of voluntary dismissal and the complaint was dismissed.

Plaintiff, proceeding *pro se*, commenced the instant action against the same defendants on February 22, 2011. (ECF No. 1). In addition to raising claims under the LMRA and MWPCL identical to those brought in the initial case, the complaint included a handwritten portion citing "Rehabitation [sic] Act of 1973 as amended 29 USC 701 for discrimination on basis of a disability by an employer" and "American Disability Act of 1990, ADA Both section 504." (*Id*. at 3). Noting that the complaint was "not a model of clarity," the court directed Plaintiff to supplement by clearly setting forth the basis of federal jurisdiction and, to the extent she intended to raise claims under the Rehabilitation Act or ADA, describing "when and how she administratively exhausted her employment discrimination claims." (ECF No. 3, at 1, 2).

On April 13, 2011, Plaintiff supplemented her complaint, addressing the court's concerns and attaching numerous exhibits in support. (ECF No. 4). In her supplemental pleading, Plaintiff "invokes federal review under . . . Labor Management Relations[,] 29 USC 141 & 159a[,] Duty of Fair Representation[;] Rehabilitation Act of 1973 as Amended 29 USC 701[,] for Discrimination on the basis of a Disability by an Employer; [and] American Disability Act of 1990, ADA both sections 504."

3

(*Id*. at 1). She further asks the court to exercise supplemental jurisdiction over her MWCPL claim. As to exhaustion, Plaintiff asserts that she "went to [the] Maryland Commission on Human Relations with the complaint of Discrimination," but the "agency determined it does not have jurisdiction." (*Id*. at 3).[3] Thereafter, according to Plaintiff, she sought assistance from the National Labor Relations Board ("NLRB"), which "suggest[ed] [that she] contact [the] Md. State Labor Relations Bd." (*Id*.).[4] According to Plaintiff, "every entity or source [she] approached passed the buck to another similar agency." (*Id*.).

The Union responded by moving to dismiss, arguing that the LMRA does not apply to state employees and, even if it did, that

---

[3] Among the exhibits attached to the supplemental complaint is a letter, dated March 20, 2004, from the Maryland Commission on Human Relations ("MCOHR"), advising Plaintiff that "[a]fter careful review and consideration of the information that you have provided, it has been determined that this complaint cannot be authorized for investigation, as you did not articulate a basis for the alleged discriminatory act as stated in Article 49B of the Annotated Code of Maryland." (ECF No. 4-6). In response to a follow-up letter from Plaintiff, the MCOHR further advised, by letter dated April 7, 2004, "We do not have jurisdiction to intercede in assault matters or in a situation where one believes they were harmed as a result of filing an assault charge, as in your case." (ECF No. 4-7).

[4] By letter dated September 8, 2005, Plaintiff informed the NLRB that she had "concerns with the union's . . . failure to resolve grievances" and "request[ed] [its] intervention." (ECF No. 4-5). The NLRB responded several weeks later, advising Plaintiff that "labor relations matters involving state employees are covered by state legislation" and suggesting that she contact "the Maryland State Labor Relations Board." (ECF No. 4-4).

Plaintiff's complaint would be time barred. (ECF No. 7). Shortly thereafter, the Board filed a motion to dismiss or for summary judgment, asserting, *inter alia*, that Plaintiff failed to exhaust administrative remedies with respect to her ADA and Rehabilitation Act claims. (ECF No. 16). Plaintiff filed papers opposing both motions (ECF No. 19) and both defendants replied (ECF Nos. 23, 25).

## II. ADA and Rehabilitation Act

### A. Standard of Review

As a threshold matter, the court must determine whether it has subject matter jurisdiction over Plaintiff's claims under the ADA and Rehabilitation Act. While the Board seeks dismissal under Rule 12(b)(6) only, it argues, in part, that Plaintiff has failed to exhaust administrative remedies, which may implicate subject matter jurisdiction under Rule 12(b)(1).

Regardless of the basis for the Board's motion, the court has an independent duty to satisfy itself of its own subject matter jurisdiction and may raise the issue *sua sponte*, even where the defendant does not directly challenge it. *Andrus v. Charlestone Stone Prods. Co., Inc.*, 436 U.S. 604, 608 n. 6 (1978). Indeed, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n. 4 (4th Cir. 1999) (quoting 2 James Wm. Moore et al.,

5

*Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute" and the defendant is "entitled to prevail as a matter of law." *Id*. (internal marks omitted). In its analysis, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

**B. Analysis**

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

6

Prior to filing a law suit alleging violations of the ADA or the Rehabilitation Act, a plaintiff must first exhaust administrative remedies. *See Adams v. Wallenstein*, Civil Action No. DKC 08-1601, 2011 WL 1807787, at *5 (D.Md. May 11, 2011) (ADA); *Kim v. Potter*, Civil Action No. DKC 09-2973, 2010 WL 2253656, at *4 (D.Md. June 2, 2010) (Rehabilitation Act). Under both statutes, the exhaustion requirements and filing procedures are identical to those applicable to claims under Title VII. *See* 42 U.S.C. § 12117(a); 29 U.S.C. § 749(a). Thus, "[o]nly those discrimination claims stated in the initial charge [filed with a federal or local human relations commission], those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained" in a subsequent lawsuit. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Civil suits cannot present entirely new theories of liability not found within the initial complaint, and a complaint will generally be barred if the charge filed with the EEOC or local agency alleges discrimination on one basis while the civil litigation advances a claim of discrimination on a separate basis. *See Talbot v. U.S. Foodservice, Inc.*, 1919 F.Supp.2d 637, 640-41 (D.Md. 2002) (granting summary judgment against an employee who alleged race discrimination in his EEOC charge, but brought suit under both Title VII and the ADA). The failure to

exhaust administrative remedies deprives the federal court of subject matter jurisdiction. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 & n. 2 (4th Cir. 2009).

The documents attached to Plaintiff's supplemental pleading reflect that she filed a complaint with the Maryland Commission on Human Relations ("MCHR") on or about March 25, 2004. (ECF No. 4-6). While the complaint itself is not attached, the MCHR's responsive letters are. In the first letter, dated March 30, 2004, the commission advised Plaintiff that her "complaint cannot be authorized for investigation" because she "did not articulate a basis for the alleged discriminatory act." (*Id.*). The MCHR suggested that Plaintiff "contact the Commission" regarding "the re-filing of [the] complaint" if she had "more information to provide." (*Id.*). In a letter dated April 7, 2004, apparently written in response to a further inquiry by Plaintiff, the MCHR explained why it was unable to accept her claims for investigation: "In order to accept a complaint of retaliation, the act of violation must be one that is covered by Article 49B of the Annotated Code of Maryland." (ECF No. 4-7). The letter further recited, "We do not have jurisdiction to intercede in assault matters or in a situation where one believes they were harmed as a result of filing an assault charge, as in your case." (*Id.*).

These letters do not support Plaintiff's assertion that the MCHR told her "it does not have jurisdiction." (ECF No. 4, at 3). Rather, it appears that Plaintiff merely failed to state a cognizable claim before the commission under former Article 49B, which was, at that time, the analog to Title VII under Maryland law. *See, e.g., State Comm'n on Human Relations v. Kaydon Ring & Seal, Inc.*, 149 Md.App. 666, 695-96 (2003) (applying federal Title VII standards in Article 49B discriminatory termination case). Moreover, it appears that the only claims Plaintiff attempted to raise were related to alleged retaliation by the Board. There is no indication that Plaintiff asserted a claim of discrimination on the basis of a disability in her MCHR complaint and Plaintiff's argument regarding exhaustion in her opposition papers addresses the LMRA claim exclusively. Lacking proper exhaustion, Plaintiff's claims under the ADA and Rehabilitation Act must be dismissed for lack of subject matter jurisdiction.[5]

**III. Duty of Fair Representation**

The Union has moved to dismiss Plaintiff's claim for breach of the duty of fair representation under the LMRA pursuant to

---

[5] Even if the court did have subject matter jurisdiction, Plaintiff's complaint would be time barred. *See Walton v. Guidant Sales Corp.*, 417 F.Supp.2d 719, 722 (D.Md. 2006) (applying 300-day filing period requirement in ADA case); *Ross v. Board of Educ. of Prince George's County*, 195 F.Supp.2d 730, 735 n. 2 (D.Md. 2002) ("A three year statute of limitations applies to Rehabilitation Act claims in Maryland").

Rules 12(b)(1) and 12(b)(6), arguing, *inter alia*, that the court lacks jurisdiction because "Plaintiff was a state employee and thus fell outside the coverage of the [National Labor Relations Act ("NLRA")], which governs only private employers." (ECF No. 7-1, at 4).[6] While some courts have found that they lacked subject matter jurisdiction under these circumstances, *see, e.g., Granite Rock Co. v. International Broth. of Teamsters*, 546 F.3d 1169, 1176 n. 3 (9th Cir. 2008) ("a failure to state a claim under section 301(a) of the LMRA is a defect in subject-matter jurisdiction"), *rev'd on other grounds*, 130 S.Ct. 2847 (2010), others have determined that that dismissal for failure to state a claim is appropriate, *see, e.g., Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1*, 143 F.3d 351, 359-60 (7th Cir. 1998) (affirming district court's dismissal under Rule 12(b)(6)).

**A.   Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v.*

---

[6] The NLRA was amended by the LMRA in 1947.

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950, (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

**B. Analysis**

"It is well established that unions, as exclusive bargaining agents in the negotiation, administration and enforcement of collective bargaining agreements, have an implicit duty 'to serve the interests of all members without hostility or discrimination toward any, to exercise [their] discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Thompson v. Aluminum Co. of America*, 276 F.3d 651, 657 (4th Cir. 2002) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)); *see also* 29 U.S.C. § 159(a). Thus, the NLRA has been interpreted as imposing "a 'duty of fair representation' on labor unions, which a union breaches 'when its conduct toward a member of the bargaining unit is arbitrary,

discriminatory, or in bad faith.'" *14 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 129 S.Ct. 1456, 1460 (2009) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)).

The relevant statutory language makes plain, however, that public employers are not covered. *See* 29 U.S.C. § 152(2) ("[t]he term 'employer' . . . shall not include . . . any State or political subdivision thereof"); *see also Police Dep't of the City of Chicago v. Mosley*, 408 U.S. 92, 102 n. 9 ("the National Labor Relations Act specifically exempts States and subdivisions (and therefore cities and their public school boards) from the definition of 'employer' within the Act"); *Teledyne Economic Development v. N.L.R.B.*, 108 F.3d 56, 59 (4th Cir. 1997) (same). "It necessarily follows that employees of a school district are not 'employees' who can sue their unions under the NLRA for a breach of the duty of fair representation." *Roberts v. East Lyme Bd. of Educ.*, 173 F.3d 846, 1999 WL 220104, at *1 (2nd Cir. 1999) (Table); *see also Strasburger*, 143 F.3d at 360 ("Since the School Board is not an 'employer' and Strasburger is not an 'employee,' [29 U.S.C. § 185(a)] provides no federal basis for his claim").

Here, it is undisputed that Plaintiff was employed by the Board, which is a state agency. *See Lewis v. Board of Education of Talbot County*, 262 F.Supp.2d 608, 613 (D.Md. 2003) ("Maryland law, through statute and judicial opinion, treats the county

12

school boards as agents of the state."); *see also Board of Educ. of Prince George's County v. Prince George's County Educators' Ass'n*, 309 Md. 85, 96 n. 3 (1987) ("County boards of education are, of course, state agencies and not agencies of the county governments."). Thus, Plaintiff's claim for breach of the duty of fair representation cannot prevail under federal law. *But see Byrne v. Mass Transit Admin.*, 58 Md.App. 501, 508 (1984) (holding that public employee's breach of duty of fair representation claim "does not arise under the LMRA, but rather as a private cause of action under State law for breach of contract").

**IV. Remaining State Law Claim**

Pursuant to 28 U.S.C. § 1367(c), the court has discretion to retain or dismiss nonfederal claims where, as here, the federal basis of the action is no longer applicable. District courts in the Fourth Circuit "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In deciding whether to exercise discretion, courts consider factors such as the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1998)).

Ultimately, supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id*. (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350).

The sole remaining count of Plaintiff's complaint is her claim that the Board failed to pay all of her wages in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab & Empl. § 3-501, *et seq*. Because the time for filing such a claim has clearly expired, the court will exercise supplemental jurisdiction in the interest of judicial economy. "[A] claim under the MWPC must be filed within three years and two weeks from the date on which the employer should have paid the wage." *Butler v. VisionAIR, Inc.*, 385 F.Supp.2d 549, 554 (D.Md. 2005); Md. Code Ann., Cts. & Jud. Proc. § 5-101. As Plaintiff's employment with the Board terminated in March 2005, her claim in this regard is clearly time barred. Accordingly, it will be dismissed.[7]

---

[7] To the extent Plaintiff may have had a state law cause of action against the Union for breach of the duty of fair representation, the statute of limitations for that claim has also expired. *See England v. Marriott Intern., Inc.*, 764 F.Supp.2d 761, 770 (D.Md. 2011) (three-year statute of limitations applies to breach of contract claims in Maryland).

## V. Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge